STATE of Missouri, Respondent,

v.

Orville Louis JACKSON, Appellant.

No. 39134.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 23, 1979.

Robert A. Hampe, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant, Orville Louis Jackson, was found guilty by a jury of illegal possession of heroin, and he has appealed from the ensuing judgment.

The only point presented on this appeal is that the trial court erred in failing to sustain appellant's motion for judgment of acquittal because, as appellant asserts, the evidence failed to show that he was "aware of the presence and character of the heroin and was intentionally and consciously in possession of it."

On December 26, 1975 Detective Robert Schaeffer searched a building, the legality of which is not questioned, in which appellant had an apartment where he lived with a "girlfriend" by the name of Anna Pernell. After knocking on the apartment door, Detective Schaeffer and three other officers were admitted by Anna Pernell. When the officers entered the kitchen appellant was wearing a bathrobe and standing about two feet from the kitchen table on which were various items, most of which were related to the use of drugs, and eighteen capsules which contained heroin. Appellant was placed under arrest, and when questioned about the items on the table he stated he had no knowledge of them, and that he had been awakened from sleep by the knocking on the door. A further search of the apartment revealed sixty additional capsules containing heroin in a closet in the bathroom.

■ Both possession and knowledge are essential elements of the offense charged, but either may be proved by circumstantial evidence. *State v. Burns*, 457 S.W.2d 721, 724 (Mo.1970); *State v. Davis*, 515 S.W.2d 773 (Mo.App.1974). Actual physical possession is not necessary. In *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975) the Supreme Court said:

"In narcotics or controlled substance cases, the law has developed the policy that a person in exclusive control of the premises will be deemed to have possession and control of the substance found on the premises. * * * 'Human experience teaches that narcotics are rarely, if ever, found unaccountably in a person's living quarters.'

"The same principle that a person may be deemed to have possession of the substance found on the premises may be applied even when the defendant does not have the exclusive control of the premises, since there may be joint control with the same consequences as if there were exclusive control. But, [*State v. Funk*, 490 S.W.2d 354 (Mo.App.1973)] states * * [that] if there is joint control then there must be some 'further evidence or admission connecting the defendant with the illegal drugs.'"

■ The essential issue here is whether, within the rule as stated in *State v. Funk, supra* at page 361, there is "further evidence * * * connecting [appellant] with the illegal drugs."

In *State v. Zimpher*, 552 S.W.2d 345, 349 (Mo.App.1977), the defendant and another were in joint control of premises where a controlled substance was found in a "chest of drawers" presumably used for the storage of their personal effects and also in a "'bedside stand' adjacent to the bed in which the defendant and [another who with defendant was in joint control] were sleeping." The court held that "These facts constituted 'further evidence' (other than joint control of the premises) within the rule as stated in *Funk*, as approved and adopted in *Wiley*, * * *." In commenting that actual possession is not necessary

but that "constructive possession will suffice where * * * other facts buttress an inference of defendant's knowledge of the presence of drugs," the court further stated; "*One such incriminating fact is a defendant's access to an area in which drugs are found.*"

In this case appellant was two feet from a kitchen table upon which in plain view there were several syringes, ten measuring spoons, several empty capsules, and eighteen capsules containing a brown powder later identified by chemical analysis to be heroin. Appellant had actual access to the area where the heroin was found, and most of the items on the table were readily recognizable as drug related.

The factual situation to which the rule, as stated in *State v. Funk, supra*, and *State v. Wiley, supra*, applies is best demonstrated by *State v. McGee*, 473 S.W.2d 686 (Mo. banc 1971). In that case there were six to eight persons in a room, including the defendant, sitting around a table on which there were such items as a brown leather pouch, an aluminum carton for film, a "pill bottle," a wine bottle, five "coke" bottles, and books and papers. Marijuana was found in some of these items. It is not disclosed that the marijuana was visible to those in the room and readily identifiable as such. The defendant had joint control of the premises with at least two other persons, but there was no other evidence which would reasonably connect him with the illegal drugs.

The facts of this case are distinguishable from *State v. McGee, supra*, relied on by appellant, and are within the same category as those in *State v. Zimpher, supra*. They clearly constituted further evidence, other than only joint control of the premises, connecting appellant with the possession of the illegal heroin.

The judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.