**STATE of Missouri, Respondent,**

**v.**

**James Alan KERFOOT, Appellant.**

**No. 48107.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Aug. 13, 1984.

J. Patrick Wheeler, Canton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of possession of marijuana in a court-tried case, in violation of § 195.020, RSMo.1978, and sentenced to a term of three years imprisonment. He appeals. We affirm.

On October 21, 1982, Verlin Waide, the Sheriff of Clark County, Sergeant Belshe of the Missouri Highway Patrol and others were flying in a helicopter near Fairmont, Missouri. The helicopter was glass-enclosed. The officers were in uniform. They spotted what they believed to be marijuana growing adjacent to a cornfield on the Noona Kerfoot farm. Defendant was about 600 feet from the marijuana. The helicopter hovered over him about 120 feet in the air. He quickly walked to his pickup truck located 100 feet away in a field and drove off. The helicopter followed the truck for some distance hovering over it approximately 100 feet. The pilot of the helicopter set down in a field at a point where the officers thought they could stop defendant. Sergeant Belshe ran to the road but defendant had already passed. The officer yelled at defendant as he was driving away, but he did not stop. Belshe returned to the helicopter and the pursuit continued. Once aloft again, the helicopter developed engine trouble so it returned to the Kerfoot farm and landed in a freshly harvested soybean field.

Defendant's mother and his girlfriend came out to the helicopter. The mother gave the officers permission to search the farm. They found four, large growing marijuana plants and eight stalks of plants that had recently been cut. Upon further investigation, they found marijuana drying in an "open-front-type hog house," in a large two-story shed and in a round grain bin. In addition, Sharon Smith, defendant's girlfriend, went inside the trailer in which she, defendant and his mother lived

and produced a bag of marijuana from a dresser. During the officer's investigation at the farm of 3 hours, defendant did not return.

The evidence established that the farm was owned by defendant's mother. The evidence further established that a neighbor who farmed across the road had rented this farm until 1978. At that time defendant commenced farming the farm and was also doing so in 1982. The neighbor who had known the Kerfoots for many years knew this from his own personal observation "across the fence." He had seen defendant chisel plowing the farm in the fall of 1982. Another witness testified that defendant farms this land and he helped defendant plant the corn crop in the spring of 1982. He occasionally helped harvest the crops on the Kerfoot farm by driving the grain to the elevator. The tickets for the grain were in the names of both defendant and his mother.

The Kerfoot farm contained a trailer, two grain bins, a large shed, a hog shed, a silo and a large barn. The drying marijuana was found in the three closest outbuildings to the trailer. The large shed was located less than 100 feet from the trailer. The marijuana in this shed was found on the floor next to a large gasoline tank and in the attic. There was farm equipment in the shed as well as a freezer containing a fox hide and squirrel tails. There was a large amount of marijuana in the hog shed hanging from the ceiling joists. In addition, marijuana was found drying in the grain bin closest to the trailer.

Defendant raises five points on appeal. Defendant first contends the trial court erred in permitting Sergeant Belshe to testify because a written report which he prepared had not been disclosed to defendant. Sergeant Belshe was disclosed as a witness to defendant during discovery. However, a police report he prepared was not. Defendant's attorney objected at the outset to the officer's testimony when it became apparent a report had been prepared. The trial court called a recess and allowed defendant's attorney to examine the report. The officer then resumed the stand. His testimony was limited to identification of a videotape and photographs taken of the farm and a schematic diagram of the farm. The videotape and photographs had been previously disclosed to defendant. Sergeant Belshe had previously testified at the preliminary hearing.

Rule 25.03 requires the state, upon written request, to disclose any written statements made by witnesses it intends to call. If the state fails to comply, the court may order disclosure of the statement, grant a continuance, exclude the evidence or enter other orders as it deems just. Rule 25.16. It is well settled that whether a sanction is to be imposed or the nature of the sanction, if imposed, is a matter within the discretion of the trial court. *State v. Smith*, 650 S.W.2d 5, 7 (Mo.App.1983). An abuse of discretion occurs only when the trial court's action results in fundamental unfairness to the defendant. *State v. Smothers*, 605 S.W.2d 128, 131 (Mo. banc 1980).

Here, the state failed to disclose the written report as it was required to do. The trial court granted a recess and allowed the defendant to examine the report. After the officer resumed the stand, his testimony was principally confined to identification of a videotape and photographs which had been previously disclosed to defendant. Moreover, he had previously testified at the preliminary hearing so that defendant was not surprised by the testimony. Under these circumstances, there was no abuse of discretion.

In his second point, defendant alleges that the trial court erred in allowing two witnesses, Gene Paul and Rex Pitford to testify to matters not within the disclosure made to defendant. The state, in its answer to defendant's request for disclosure, stated that Gene Paul and Rex Pitford were witnesses and set forth the substance of their expected testimony. At the trial, they testified as outlined and both also stated that defendant currently farmed the farm. Defendant objects that these latter statements were not disclosed by the state.

Defendant's point misses the mark. Rule 25.03 only requires that the state disclose the names and addresses of its witnesses and existing written statements or memoranda reporting or summarizing part or all of their oral statements. It does not require categorizing and summarizing of a witness' testimony. *State v. Feast*, 588 S.W.2d 158, 161 (Mo.App.1979). There is nothing in the record to indicate either of these witnesses gave written statements or that any written memoranda summarizing their oral statements existed. The prosecutor's summarization of their testimony was surplusage. There is no merit to this point.

Defendant contends the court erred in overruling his motion for judgment of acquittal because there was insufficient evidence that any of the plant material found in the hog house, grain bin or tool shed was ever tested and determined to be marijuana. We find no merit to this point.

A state's witness, a forensic chemist, testified that the growing plants and the matter seized from the trailer were marijuana. Sheriff Waide testified without objection that the plant material seized from the grain bin, hog shed, and tool shed was marijuana. Police officers can testify that in their opinion a certain substance is marijuana. Such testimony is sufficient, in the absence of a chemical analysis by an expert, to make a submissible case on this issue. *See State v. Roper*, 591 S.W.2d 58, 61–62 (Mo.App.1979).

Defendant also contends that exhibit 22, the test results of the forensic chemist, established that the tests were conducted upon the stalks of the marijuana plants, the possession of which is not prohibited. We acknowledge that possession of the mature stalks of the marijuana plant is not prohibited, § 195.010(22), RSMo.1978. However, we find no merit to defendant's point. Sheriff Waide testified that he took limbs or pieces off the growing plants and sent them to the lab in bags marked Exhibits 18 and 19. Exhibit 22 establishes that the tests were conducted on plant material from Exhibits 18 and 19 which had been

stripped from the marijuana stalks. This does not mean the forensic chemist tested the stalks, as defendant asserts, but rather that he tested the leaves and other vegetative material stripped from the stalks.

Finally, defendant contends the state failed to make a submissible case because there was insufficient evidence that defendant had exclusive control of the premises upon which the marijuana was found. In reviewing the record we accept as true all evidence tending to prove defendant guilty, together with all reasonable inferences supportive of the verdict. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981).

In *State v. Barber*, 635 S.W.2d 342, 343–44 (Mo.1982), the Supreme Court set forth the following well established principles:

To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove the defendant knowingly and intentionally possessed the prescribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. *State v. Burns*, 457 S.W.2d 721 (Mo.1970); *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975). The state must also show the defendant was aware of the presence and nature of the substances in question. *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975). Both possession and knowledge may be proved by circumstantial evidence. If actual possession has not been shown, constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance. *State v. West*, 559 S.W.2d 282, 284 (Mo.App.1977). Exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. *State v. Funk*, 490 S.W.2d 354, 360 (Mo.App.1973). But if there is joint control of the premises, some further evidence is necessary to

connect the accused with the drugs. *Id.* at 361.

That further evidence may include the presence of large quantities of a controlled substance if consistent with the totality of the circumstances. *State v. Stewart*, 542 S.W.2d 533, 538 (Mo.App.1976). Other incriminating evidence is defendant's access to an area in which the substances are found. *State v. Jackson*, 576 S.W.2d 756, 757 (Mo.App.1979).

 Here, there was no evidence that defendant was in actual possession of the marijuana or in exclusive possession of the premises. Defendant in his brief concedes that there was evidence he had joint control of the premises. Consequently, there must be some additional evidence, in addition to joint control of the premises to make a submissible case. We believe that additional evidence is defendant's access to the marijuana. We disregard the evidence of the marijuana in the trailer because there is no evidence or even an inference that he had access to the dresser in which it was found. However, the same cannot be said for the remainder of the marijuana. All of the marijuana was found in places on the farm to which defendant, during the course of farming, would have had easy access. The growing marijuana plants were very tall, bushy and easily observed. They had obviously been growing for sometime and were only a short distance from the corn field which defendant had personally planted. The three closest outbuildings to the trailer—a grain bin, hog shed and tool shed—all had drying marijuana plants in them. The plants in the open hog shed were draped from the rafters and were easily observed. Marijuana was found on the floor next to a gasoline tank in the tool shed which contained much farm equipment. We have concluded that defendant's access to the marijuana constituted sufficient further evidence, other than joint control of the premises connecting him with the possession of the marijuana. *State v. Jackson*, 576 S.W.2d 756 (Mo.App.1979).

Defendant asserts that others had access to this land and the outbuildings, including help which he hired during the growing season. However, this evidence was for the trier of fact to consider. *State v. Brickley*, 521 S.W.2d 16, 17 (Mo.App.1975).

In addition, we believe that defendant's flight from the farm while being pursued by the helicopter constituted additional evidence evincing consciousness of guilt. *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981).

Affirmed.

DOWD, C.J., and CRIST, J., concur.