**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leroy THOMAS, Defendant-Appellant.**

**No. 14764.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 17, 1987.

Larry C. Pace, Lee's Summit, for defendant-appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found Leroy Thomas guilty of possession of more than 35 grams of marijuana in violation of § 195.020, RSMo 1978.[1] His punishment has been fixed at confinement in the county jail for a period of eight (8) months. He appeals. We affirm.

On August 8, 1985, following a violent quarrel with her husband, defendant's wife advised St. Clair County authorities that the defendant was growing marijuana. Mrs. Thomas informed the authorities that the defendant had marijuana in his automobile and that he was growing marijuana in two places: 1) in a dog pen behind his residence, and 2) in a field near his house. Having determined that there was marijuana in the Thomas automobile, and having determined that marijuana was growing in a field near the Thomas residence, Deputy Sheriff Terry Cashell obtained a warrant to search the Thomas premises.

The warrant was executed on August 9, 1985, and as a result 14 marijuana plants were taken from the defendant's dog pen. Leaves stripped from these plants (approximately 800 grams) were examined microscopically and tested chemically and were shown to be marijuana.

Upon trial, it was shown that several deputies from the St. Clair County sheriff's office and two conservation agents executed the warrant. Fourteen marijuana plants were found growing in a dog pen. The dog pen was enclosed by a fence about 4 feet high. Sunflowers were growing on the east and west sides of the dog pen, just outside the fence. The sunflowers were taller than the fence. There were 3 mari-

---

1. References to statutes are to RSMo 1978, as amended and supplemented to 1985. References to rules are to Missouri Rules of Court (16th ed. 1985).

juana plants which were 6 to 8 feet tall. These plants had been bent over so they might "grow longer" in a "shorter area." The other marijuana plants were 3 to 4 feet high.

The ground around the three large plants was devoid of other vegetation. Conservation Agent John Hart was of the opinion that the soil around these plants had been tilled a week or 10 days before they were seized. There was a trench, 3 to 4 inches deep and 6 to 8 inches across running south through the dog pen. The trench was near the three large plants.

When the officers arrived at the defendant's residence to execute the search warrant, there was smoldering trash in a large trash can which sat next to the dog pen. Two officers recognized the odor of burning marijuana coming from the trash can, and Conservation Agent Ross observed the remains of some marijuana plants in the burning trash. The defendant admitted burning trash, but denied burning any marijuana.

The defendant has briefed two assignments of error in this court. First, he contends that the trial court erred in refusing to quash the search warrant and suppress the evidence seized on execution thereof because the warrant was issued without probable cause and was based on a false affidavit. Defendant attacks Deputy Cashell's affidavit made in support of an application for a search warrant, wherein it was stated that "[the affiant's] informant has given him information in the past concerning criminal activity in St. Clair County and he has found that information in the past has been reliable...."

The real substance of defendant's objection, as we read his brief, is that there was no showing that Cashell's informant (defendant's wife) had ever given *past* reliable information, and therefore the warrant was issued without probable cause. The point is strained and tenuous. On August 8, 1985, Cashell was advised by the defendant's wife that: 1) some of her husband's marijuana was in his automobile; 2) that her husband was growing marijuana in a dog pen behind their residence, and 3) that

marijuana was being grown in a field across the road from the defendant's residence. *After* he received this information, Cashell ascertained that there was marijuana in the Thomas vehicle and he already knew that there was marijuana growing across the road from the Thomas residence. He then made application for the search warrant. In short, Cashell had corroborated at least part of the information given him by his informant.

Probable cause sufficient to justify the issuance of a search warrant is determined by looking to the totality of the circumstances, and only the probability, not a prima facie showing, of criminal activity, is the standard by which the existence of probable cause is measured. *Illinois v. Gates*, 462 U.S. 213, 230–35, 103 S.Ct. 2317, 2328–30, 76 L.Ed.2d 527; *reh'g denied*, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). As we read *Illinois v. Gates*, corroboration of *part* of the information furnished by the informant is sufficient to support a finding of probable cause to issue a search warrant. *Id.*, 462 U.S. at 241–45, 103 S.Ct. at 2334–35[12] [13–14]. Such is the case here, and the point is without merit.

Defendant's further assignment is that the evidence is not sufficient to sustain the conviction because the State failed to prove that he knowingly and intentionally possessed the proscribed substance. We agree that the State was obliged to prove that the defendant "knowingly and intentionally" possessed the proscribed substance. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982). What the defendant questions is the sufficiency of the evidence to prove a conscious possession of the marijuana by a person not in exclusive control of the premises upon which the marijuana was found. *See State v. Bowyer*, 693 S.W.2d 845, 847[5–10] (Mo.App.1985).

Circumstances which suffice to prove a conscious possession of contraband by a person in joint control of the premises include: 1) routine access to an area in which the proscribed substance is found; *State v. Kerfoot*, 675 S.W.2d 658, 661[9] (Mo.App.1984), 2) the presence of large

quantities of the substance at the place where the accused was arrested, *State v. Bowyer*, 693 S.W.2d at 847, and 3) conduct and statements made by the defendant. *State v. Franks*, 688 S.W.2d 787, 790[2, 3] (Mo.App.1985); *State v. Dethrow*, 674 S.W.2d 546, 550[7] (Mo.App.1984). In short, both the requisite knowledge and possession may be proved by circumstantial evidence. *State v. Barber*, 635 S.W.2d at 343. And, in determining the sufficiency of the evidence to sustain the conviction, we do not weigh the evidence but determine only whether there was evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Barber*, 635 S.W.2d at 343[1].

Here, the evidence showed that 14 marijuana plants were growing in a dog pen on the defendant's property. The dog pen was enclosed by a fence 4 feet high; taller sunflowers were growing along the east and west sides of the fence. The 3 tallest marijuana plants (6 to 8 feet tall) had been trained, or bent over so they could grow taller without being seen. The other 11 plants were 3 to 4 feet high. The ground around the 3 largest plants was devoid of other vegetation; Conservation Agent Hart was of the opinion that this area had been tilled a week or 10 days before the seizure. There was a trench, 3 to 4 inches deep and 6 to 8 inches across, running south through the dog pen. This trench passed near the three largest plants.

The defendant clearly knew there was marijuana growing in the dog pen in June 1985. He testified that he chopped the marijuana down in early June, but this statement could not be verified. Agent Hart believed the large plants had been growing since spring. It could be inferred, as we have just said, that if the defendant destroyed part of the marijuana in the spring, he did not destroy all of it.

The defendant was in Texas in June and July. He returned to Missouri on July 28, 1985. So, the defendant was at home in Missouri for about 12 days before the marijuana was seized. Agent Hart gave as his opinion that the ground around the 3 large plants had been tilled 7 to 10 days before

the plants were seized. The defendant had access to the marijuana growing in the dog pen, and could have tilled the ground around the larger plants after he returned from Texas.

The defendant also admitted that he had planted the sunflowers around the dog pen. He also testified he had burned trash in the afternoon on August 9, 1985. When the officers arrived about 7 p.m. to execute the search warrant, two of them smelled marijuana burning with the other trash. The trash can was near the dog pen. We consider it reasonable to infer that the defendant was burning marijuana along with the trash.

Finally the 14 plants seized by the officers represents a fairly large quantity of a controlled substance easily accessible to the defendant and within his control. The evidence is sufficient to support a finding that the defendant both knew the nature of the marijuana and had some control over it. That is what is required, *State v. Bowyer*, 693 S.W.2d at 847[1–4], and accordingly the judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.