**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Samuel B. MISCHANKO,
Defendant–Appellant.**

No. 52734.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 4, 1988.

Terry J. Flanagan, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Scott Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by the court of possession of a controlled substance and sentenced to a term of two years' imprisonment. He appeals; we affirm.

The state's evidence was that on September 20, 1985, police obtained a warrant to search the mobile home residence of defendant and his wife Karen at 22 Riverside Drive, Arnold, Missouri. When officers arrived at 4:20 p.m. that day, defendant was in the front yard of the residence working on a car. One officer showed defendant the warrant and told him they were going to search the mobile home.

Officers entered through the front door into the living room and found defendant's brother Freddy sitting on the couch and Freddy's wife Lorna in a chair passing

money back and forth across a coffee table. A metal tray of marijuana was discovered under the couch. The two bedrooms were at opposite ends of the mobile home. One of the officers went to the rear bedroom and returned to the living room with Lester Kraus and Larry Snyder, both about 17 years of age.[1] At the front of the mobile home were the elevated master bedroom and sunken bathroom. The only access to the master bedroom and bathroom was by way of a door in the living room. Three steps went up from the living room into the bedroom and, on the opposite side of the bedroom, three steps went down into the sunken bathroom. Officers entered the master bedroom and went down the steps into the sunken bathroom. They pulled out the steps that led down into the bathroom and observed bags of vegetation. At this time defendant, who had remained outside, was arrested. No controlled substances were found on him.

In the master bedroom officers found bags of vegetation behind the headboard of the water bed. On a night stand next to the bed officers found prescription medicine bottles with the name of Karen Mischanko on the labels and a jewelry box that contained a small amount of marijuana. In a drawer under the bed was a plastic bag containing loose green vegetation, one hand-rolled cigarette, a small "postal" scale, small plastic bags, and cigarette rolling papers. The vegetation found under the bedroom steps, behind the headboard, and in the drawer beneath the bed was seized and later identified to be marijuana. In the master bedroom closet officers found men's and women's clothing.

One of the officers involved in the search of the mobile home and arrest of defendant had gone to the residence in December 1983 to investigate a reported burglary. At that time defendant took the officers through the mobile home and identified the master bedroom as his and his wife's. Officers observed the mobile home from December 1983 until September 1985 and defendant was seen outside the home some "6 to 10 times."[2]

In his sole point on appeal, defendant contends the evidence was insufficient to support a conviction for possession of a controlled substance. When a criminal defendant waives trial by jury, the findings of the court have the force and effect of a jury verdict. Appellate review of the trial court's findings is in the same manner as a review of a jury verdict. Thus, we will affirm the finding if it is supported by substantial evidence. In determining whether there was substantial evidence, we accept as true all evidence and all inferences drawn therefrom which are favorable to the decision; we disregard all evidence and inferences to the contrary. *State v. Blount*, 734 S.W.2d 309, 310 (Mo.App. 1987).

■ In his brief defendant states he "did not have exclusive control of the premises, but only joint control." "Exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. But if there is joint control of the premises, some further evidence is necessary to connect the accused with the drugs. (Citations omitted)." *State v. Kerfoot*, 675 S.W.2d 658, 661–62 (Mo.App.1984), *quoting State v. Barber*, 635 S.W.2d 342, 343–44 (Mo. 1982). The additional evidence might include defendant's access to an area in which the substances are found or the presence of large quantities of a controlled substance if consistent with the totality of

1. Later, Gary Snyder, brother of Larry Snyder, arrived at the residence. There appears to be no dispute that the Snyder brothers resided in the rear bedroom in which officers discovered drug paraphernalia.

2. Following his arrest, defendant was released on bond. The next day he called Detective Robert Miller and reported that $50 was missing from his jacket in the closet of the master bedroom. Evidence about defendant's statement was presented at trial during an offer of proof. The court withheld a ruling on the statement's admissibility and did not rule at a later time. Nevertheless, we believe the statement is relevant to the central issue of this appeal.

the circumstances. *Kerfoot,* 675 S.W.2d at 662.

■ There is sufficient additional evidence in this case "to connect the accused with the drugs." On a previous occasion, defendant had identified the master bedroom as his. He had been observed at the mobile home over a period of almost two years. Large quantities of marijuana were found under the bathroom steps, behind the headboard of defendant's bed, and in the drawer beneath the bed. As in *Kerfoot,* we believe defendant's access to the master bedroom and its adjoining bathroom in which large quantities of marijuana were found provide the additional evidence needed to sustain a conviction for possession of a controlled substance.

Judgment affirmed.

GARY M. GAERTNER, P.J., and DOWD, J., concur.