**STATE of Missouri, Respondent,**

v.

**James Harold GULLEY, a/k/a Paul Adams, Appellant.**

**No. WD 41026.**

Missouri Court of Appeals, Western District.

Sept. 19, 1989.

Gary William Smith, Sedalia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, MANFORD and ULRICH, JJ.

ULRICH, Judge.

James Harold Gulley appeals from a conviction of possession of more than thirty-five grams of marijuana, § 195.020, RSMo 1986, and from a sentence of five years imprisonment. He contends that the State presented insufficient evidence to sustain his conviction, and that the trial court erred when it gave the jury an erroneous instruction. The judgment is affirmed.

On October 11, 1986, Officer Jack Porter of the Warsaw, Missouri Police Department received a telephone call from an informant in Kansas City named Martin Zurowski. Mr. Zurowski told Officer Porter that James Harold Gulley kept marijuana and a gun in a mobile home south of Warsaw, Mr. Gulley used the alias "Paul Adams," and an outstanding warrant for Mr. Gulley's arrest might exist.

On October 12, authorized by a search warrant, officers of the Benton County Sheriff's Department conducted a search of the mobile home near Warsaw, where appellant lived with his fiancee, Anita Mayfield. The mobile home consisted of one bedroom, a kitchen, and a living room. During the search, the officers found marijuana inside a chest of drawers in the bedroom. One of the drawers contained marijuana and men's cologne. Another drawer which contained marijuana also contained women's jewelry. More marijuana was found in a suitcase wedged between the bed and the west wall of the trailer in the bedroom. Marijuana was observed in a pie tin in open view near the entrance to the trailer.

The law enforcement officers also found a bag of marijuana which was lying on a pile of clothes on the floor of a bedroom closet. There were two closets in the bedroom of the trailer, and the marijuana was found in the closet that was on the southeast, or left, side of the bedroom wall, filled with men's clothing. No women's clothing was observed in the closet. The closet contained, among other items, hunting-type clothing, men's shoes, and rifle shells.

Both Mr. Gulley and Ms. Mayfield testified during trial that the closet was Mr. Gulley's closet. A forensic chemist testified that the bag found in the closet contained 162.8 grams of marijuana.

Mr. Gulley denied seeing the marijuana that was in the pie tin on the table, in his closet, in the drawers, and in the suitcase. He claimed that the informant, Martin Zurowski, placed the marijuana in the trailer. Mr. Zurowski had lived in the trailer with Mr. Gulley and Ms. Mayfield, but he moved out prior to appellant's arrest. Mr. Zurowski slept on a fold-out bed in the living room of the trailer prior to his departure, and Mr. Gulley and Ms. Mayfield slept in the bedroom.

Testimony conflicted about the exact date that Zurowski moved out of the trailer. Ms. Mayfield stated that Zurowski had moved from the trailer three or four days before she and Mr. Gulley were arrested on the 12th of October. Deputy Sheriff Eugene Cole testified that Mr. Zurowski may have moved from the trailer on October 11. Mr. Gulley continued to live in the trailer after Mr. Zurowski vacated it. Mr. Gulley acknowledged that he had been in the trailer on the 11th of October, had spent the night of October 11–12 in the trailer, and had been in the trailer during the early morning hours of October 12.

In reviewing the sufficiency of the evidence, this court considers the facts and all favorable inferences to be drawn therefrom in the light most favorable to the state and rejects all contrary evidence and inferences. *State v. Clark*, 652 S.W.2d 123, 124 (Mo. banc 1983).

Mr. Gulley claims that insufficient evidence was introduced to support his conviction for the possession of marijuana. Citing *State v. Hall*, 680 S.W.2d 179 (Mo.App. 1984), he argues that when a defendant does not enjoy exclusive use or possession of the premises containing contraband drugs, the defendant's knowledge and control of the drugs must be proved to sustain a conviction. Mr. Gulley denies that the state proved that he knew the marijuana was present and that he had control of the contraband.

**494**

The state must prove that the accused knowingly and intentionally possessed contraband and was aware of the nature and presence of the contraband when prosecuting for possessing a controlled substance. *State v. Allen,* 744 S.W.2d 865, 868 (Mo.App.1988). When a defendant jointly possesses premises where drugs are found, further proof is required that the defendant possessed the drugs. *State v. Mischanko,* 743 S.W.2d 867, 868 (Mo.App.1987). Circumstantial evidence can prove the defendant's conscious possession of the controlled substance. *State v. Thomas,* 737 S.W.2d 247, 250 (Mo.App. 1987). Routine access to the area containing the proscribed substance supports a factual finding that a defendant consciously possessed the substance. *Id.* at 249.

Sufficient evidence was introduced to sustain appellant's conviction for knowing and intentional possession of more than thirty-five grams of marijuana. Mr. Gulley lived in the trailer where marijuana was found at numerous places. In addition to being found in drawers and a closet, marijuana was observed in plain view near the entrance to the trailer. Mr. Gulley had routine access to the closet where 162.8 grams of marijuana were found during the search. The closet was "his closet," and he kept his clothes in it.

As his second point, Mr. Gulley claims that jury instruction number seven, defining "possessed" and "possessing," erroneously stated the law.[1] Because the terms "possessed" and "possessing" are subject to more than one definition, depending upon the statute and the facts of a particular case, no single definition for the word "possess" or its forms has been approved in MAI–CR 3d 333.00. The definition of "possessed" and "possessing" submitted as Instruction 7 is correct for the offense charged and the facts of the case. The instruction was not erroneous. *See* MAI–CR 3d 333.00 Possess, Possessed, or

Possession; *State v. Dethrow,* 674 S.W.2d 546, 551 (Mo.App.1984).

The judgment of the trial court is affirmed.

All concur.

---

1. The instruction given follows: *"Possessed and possessing* means having the actual control, care, and management of something to the exclusion of persons other than the possessor or possessors and the possession is not a mere passing control, fleeting and shadowy in its nature. In order to prove the alleged offense the evidence need not show actual physical possession on the part of the defendant. It is not necessary to prove ownership in order to prove possession and more than one person can be in possession at the same time."