STATE of Missouri, Respondent,

v.

Kevin MORRIS, Defendant–Appellant.

No. ED 77788.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 19, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 12, 2001.

Application to Transfer Denied
April 24, 2001.

**496**

John M. Albright, Poplar Bluff, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Defendant, Kevin Morris, appeals the judgment entered upon his conviction for possession of more than 35 grams of marijuana under Section 195.020 RSMo 1994. Defendant contends that the trial court erred in: (1) denying his motion for judgment of acquittal because the State did not submit sufficient evidence to prove posses-

sion of marijuana; (2) admitting Defendant's statement to police because it was the product of an illegal arrest; and (3) admitting testimony that Defendant previously lived at the residence where the marijuana was found. Because we find Defendant's first claim of error dispositive, we do not address his remaining claims. We reverse and order Defendant to be discharged.

### Facts

On August 10, 1999, Detective Sullivan and three deputies of the Scott County Sheriff's Department, executed a search warrant on 807A Del Mar in Sikeston, Missouri. Meshay Latham, the lessee of the residence, was not home, but Defendant was in the apartment, laundering his clothes. Detective Sullivan knocked on the door and announced, "Sheriff's Department." Defendant asked, "Who is it?" The officers heard steps inside the apartment coming toward the door and when the steps stopped, they attempted twice to kick in the door, claiming they feared evidence was being destroyed. After the second kick, Defendant opened the door. The officers immediately forced Defendant to the ground, placed his hands behind his head, and searched his pockets, finding $900 in cash in his front pocket. The deputies also secured the apartment, finding Defendant's two small children. The officers sat Defendant on the couch in the living room with his children until their grandmother arrived to pick them up.

Once the children were gone, an officer read the search warrant and administered the *Miranda*[1] warning to Defendant. During the search, Defendant remained on the couch in the living room. While conducting the search, officers found incriminating evidence in the kitchen. In plain

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

view by the microwave, officers seized two boxes of plastic bags. A closed cabinet under the kitchen sink held a gallon type Ziploc bag containing seven smaller bags of marijuana. In addition, officers recovered a small bag of marijuana from inside the closed microwave. Detective Sullivan then asked Defendant: "[I]s this all the narcotics in the residence or would I need to contact the highway patrol for a K–9 unit to do a more in detail search?" Defendant responded: "No, you got it all."

A jury convicted Defendant of possession of more than 35 grams of marijuana and he was sentenced to 7 years in prison. This timely appeal follows.

### *Analysis*

 In determining whether the State produced sufficient evidence to sustain a criminal conviction, "we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences supportive of the verdict." *State v. Barber*, 635 S.W.2d 342, 343 (Mo. 1982). Furthermore, we do not weigh the evidence but only determine whether there was substantial evidence to support the jury verdict. *State v. Moiser*, 738 S.W.2d 549, 553 (Mo.App. E.D.1987). Substantial evidence means that reasonable persons could have found defendant guilty as charged on the evidence provided. *Barber*, 635 S.W.2d at 343.

 To sustain a conviction for possession of a controlled substance under Section 195.020, the State must prove that Defendant knowingly and intentionally possessed the proscribed substance. *Id.* Actual or constructive possession must be shown to satisfy this burden and the State must establish that Defendant was aware of the presence and nature of the substances in question. *Id.* When actual possession is not present as in the case at bar, the State must not only prove constructive possession but also show other facts that buttress the inference of possession. *Id.*

 Constructive possession requires, at a minimum, evidence that Defendant had access to and control over the premises where the drugs were found. *State v. Withrow*, 8 S.W.3d 75, 80 (Mo. 1999). Exclusive possession of the premises raises an inference of possession and control; however, in cases of joint possession, further evidence is necessary to connect Defendant to the drugs. *Id.* Additional evidence that may suffice to support a conviction in a joint possession case include: routine access to an area where such substances are kept, *State v. Kerfoot*, 675 S.W.2d 658, 662 (Mo.App. E.D.1984); the presence of large quantities of the substance at the scene where appellant is arrested, *Barber*, 635 S.W.2d at 344; admissions of the accused, *State v. Wiley*, 522 S.W.2d 281, 292–93 (Mo. banc 1975); and being in close proximity to drugs or drug paraphenalia in plain view of the police, *State v. Jackson*, 576 S.W.2d 756, 757 (Mo.App. E.D.1979); mixture of defendant's personal belongings with the drugs, *State v. Dethrow*, 674 S.W.2d 546, 550 (Mo.App. E.D.1984). Furthermore, defendant's flight upon realizing the presence of police can constitute additional evidence of guilt, buttressing the inference of constructive possession. *State v. Keeper*, 787 S.W.2d 887, 890 (Mo.App. E.D. 1990). The totality of the circumstances is considered in determining whether sufficient additional incriminating circumstances have been proved. *State v. Purlee*, 839 S.W.2d 584, 589 (Mo. banc 1992).

With these principles in mind, we note that Defendant was neither in exclusive possession of the premises nor did he have actual, physical possession of any of the drugs seized from the apartment. The State's evidence shows him to be a former boyfriend and guest of the lessee who

claims he was there with his children to do his laundry. Assuming Defendant had joint possession of the premises, additional incriminating evidence does not exist to convict him of possession of marijuana. There is no evidence that Defendant had routine access to the premises or regular use of the kitchen or other areas of the apartment. Despite having the apartment under surveillance, the State adduced no evidence that Defendant was a frequent visitor. Furthermore, there was no evidence concerning how long he had been on the premises, and no evidence regarding how long the drugs had been there. Defendant was not found near the marijuana discovered in the apartment and his personal belongings were not entangled with the drugs. Moreover, Defendant did not attempt to escape when the police arrived; rather, Detective Sullivan testified that he heard footsteps coming toward the door and thereafter, Defendant opened the door for the police.

 The record contains some evidence that could incriminate Defendant: (1) his presence in the apartment; (2) his statement to police; and (3) the cash found in his pocket. Mere presence in a place where drugs are found is not enough to convict someone of possession. *Wiley*, 522 S.W.2d at 292. Therefore, that evidence does not establish possession.

 Defendant's statement is also not enough to prove possession of the drugs. When asked whether the police had found all the narcotics, or should dogs

be brought in, Defendant told police they got it all. Knowledge of controlled substances alone is insufficient to sustain a conviction based on possession. *State v. West*, 21 S.W.3d 59 (Mo.App. W.D.2000). Control is also a necessary element. *Barber*, 635 S.W.2d at 343. Furthermore, an ambiguous statement in response to a compound question is not enough to inculpate a defendant. *State v. Bowyer*, 693 S.W.2d 845, 849 (Mo.App. W.D.1985).[2]

In this case, Defendant's statement does not prove both knowledge and control. His statement is ambiguous, and the State admitted as much at oral arguments. Although the statement shows that Defendant knew the drugs were present, it does not demonstrate that the drugs were Defendant's or evince an intent to control the drugs. Because this evidence fails to prove control, the State fails to show constructive possession.

Finally, we address the issue of the money found in Defendant's pocket. This evidence is marginally relevant to an offense of possession of more than 35 grams of marijuana. The money does not show knowledge of the presence of the drugs or control over them; furthermore, it is not an additional incriminating factor that would establish an inference of constructive possession.

Considering the totality of the circumstances, we find the State failed to produce sufficient evidence; therefore, the convic-

---

**2.** A trooper stopped the defendant who was driving his estranged wife's car for excessive speed. Upon seeing a roach clip in the car, the trooper searched the vehicle and found another clip and some marijuana. The trooper took defendant to the Zone Office. In response to an unrecorded compound question inquiring whether the defendant claimed ownership of or knew of the existence of the marijuana, the defendant made the statement,

"You got me." *Bowyer*, 693 S.W.2d at 849. The court ruled that assuming the statement indicated a knowledge of the presence of the marijuana in the vehicle, that fact does not yet prove control of the substance necessary to show conscious possession required for conviction. *Id.* The court also noted that the statement in fact did not establish an inference of knowledge. *Id.*

tion is reversed and Defendant is ordered to be discharged.

MARY K. HOFF, C.J., and RICHARD B. TEITELMAN, J., concur.