**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Edwin L. METCALF,**
**Defendant/Appellant.**

**No. ED 85803.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 2006.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for respondent.

OPINION

MARY K. HOFF, Presiding Judge.

Edwin L. Metcalf (Defendant) appeals the trial court's judgment and sentence imposed following a jury verdict convicting him of Class C felony possession of a controlled substance, in violation of Section 195.202 RSMo 2000.[1] The trial court sentenced Defendant, as a prior and persistent offender in accordance with Section 558.016, to a term of ten years' imprisonment. We reverse.

*Facts*

The State presented the testimony of Warrenton Police Officer Eric Schleuter (Schleuter) and Missouri Highway Patrol Crime Laboratory (Lab) Criminalist Supervisor Sid Popejoy (Popejoy). Schleuter testified as follows: On March 3, 2003, Schleuter and two other police officers, pursuant to a search warrant, requested entry to a Budget Host Inn hotel room occupied by Defendant and his wife (Wife). When Wife opened the door to admit the officers, Schleuter observed Defendant sitting on a bed in the room.

After entering the room, Schleuter read the warrant to Defendant and Wife. Wife and Defendant were cooperative with the officers. The officers patted down Defendant and Wife and asked them to empty their pockets; both complied. The officers seized from Wife's person a piece of aluminum foil with burned residue. The officers seized a notebook from one of Defendant's pockets. The notebook was turned to a page containing a partial list of items used in the production of methamphetamine: one bowl, two small jars, one big jar, hose, muriatic, filters, Dremel. One item on the list, "hose" was scratched off, and a hose was found on a table in the hotel room.

During their subsequent search of the room, the officers found a second piece of aluminum foil containing burned residue and a straw with residue in it. When Schleuter performed field tests on these retrieved items, the tests indicated a positive result for methamphetamine. The

---

1. Subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

second piece of aluminum foil was found next to or in a trash can next to one of the beds in the room, and the straw was found near a black bag on a dresser countertop. The black bag contained women's clothing, a box of aluminum foil, a bag of individual packets of salt, and six straws. The officers also retrieved two additional pieces of aluminum foil and a mirror with residue from the room.

After the officers received permission to search a vehicle located in front of the hotel room, they seized a digital scale, two walkie-talkie radios, and a night-vision device from the vehicle. Schleuter testified that these items are often found on individuals who steal anhydrous ammonia, which is used in manufacturing methamphetamine.

Following their search and seizure of items in the room and vehicle, the officers arrested Defendant and Wife for possession of a controlled substance. Wife subsequently pleaded guilty to her possession charge.

Popejoy testified that his Lab received from the Warrenton police agency a packet of four items: the mirror, the straw, and the two pieces of foil containing burned residue. However, Popejoy tested only the mirror and straw. He indicated that his testing confirmed that the straw contained methamphetamine residue which "was too small to weigh with the balance that we routinely use."

Defendant moved for a judgment of acquittal at the close of the State's evidence due to failure to prove the element of possession, which was denied. Defendant presented no evidence. The jury returned a verdict finding Defendant guilty of possession of a controlled substance. Defendant again challenged the sufficiency of the evidence in his motion for new trial, which was denied. This appeal follows.

## Analysis

■ Defendant raises three points on appeal. Because we find Defendant's first claim of error dispositive, we need not address his remaining points, which claim error in the trial court's admission of certain testimony and evidence. In his first point, Defendant contends the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to establish beyond a reasonable doubt that Defendant's mere presence in the hotel room showed that he had the power and intention to exercise dominion or control over the controlled substances found in the room, and, thus, the jury could not have reached a "subjective state of near certitude" that Defendant was in constructive possession of any controlled substance.

■ When a defendant challenges the sufficiency of the evidence to support his conviction, we review to determine whether there is sufficient evidence from which a reasonable juror could have found the defendant guilty of the charged offense beyond a reasonable doubt. *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001). Taking the evidence in the light most favorable to the State and granting the State all reasonable inferences, we must consider whether a reasonable juror could find each of the crime's elements beyond a reasonable doubt. *Id.*

■ To sustain a conviction for possession of a controlled substance under Section 195.202, the State must prove that Defendant knowingly and intentionally possessed the illegal substance. *State v. Morris*, 41 S.W.3d 494, 497 (Mo.App. E.D. 2001). When, as here, actual possession is not present, the State must prove constructive possession and must show other facts that buttress the inference of possession. *Id.* A person constructively possess-

es a substance when he "has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons[.]" Section 195.010(32).

 At a minimum, constructive possession necessitates proof that a defendant had access to and control over the premises where the drugs were discovered. *Morris,* 41 S.W.3d at 497. In cases where a premises is jointly possessed, further evidence is required to connect a defendant to the controlled substance. *Id.* Such evidence might include routine access to the area where the substances are kept, the presence of large quantities of the substance at the arrest scene, admissions by the accused, being in close proximity to the substances or drug paraphernalia in plain view of the law enforcement officers, the mixing of defendant's personal belongings with the drugs, or flight by a defendant upon realizing the presence of law enforcement officials. *Id.* In making our determination as to whether sufficient additional incriminating circumstances have been proven, we consider the totality of the circumstances. *Id.*

The State's evidence failed not only to prove control, a necessary element to prove constructive possession, but also to show sufficient facts to establish an inference of possession. *Id.* Here, although Defendant had access to the area where the residue was found, he possessed the premises jointly with Wife, who pleaded guilty to possession of methamphetamine. Only Wife, not Defendant, had actual, physical possession of any item containing the controlled substance. Defendant's personal belongings were not commingled with the items containing residue. Although cooperative with the law enforcement officers, Defendant made no incriminating admissions.

Furthermore, only methamphetamine residue was retrieved during the search. Considering the minute quantity of methamphetamine residue actually retrieved and the fact this residue was found in a straw, we cannot conclude that the substance was in plain view of Schleuter and that Defendant's relatively close proximity to these items established an inference of possession.

As to the notebook found in Defendant's pocket and containing a partial list of items used in methamphetamine production, this evidence, while possibly relevant to a charge of manufacturing, did not show Defendant's knowledge of the presence of or control over a controlled substance. Thus, the notebook was not an additional incriminating factor that would buttress the inference of possession.

Considering the totality of the circumstances, we conclude the State failed to produce sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *Whalen,* 49 S.W.3d at 184. We reverse and order that Defendant be discharged.

PATRICIA L. COHEN, Judge, concurs.

CLIFFORD H. AHRENS, Judge, Dissents in separate opinion.

CLIFFORD H. AHRENS, Judge, dissenting.

I respectfully dissent. The majority concludes that the state failed to produce sufficient evidence from which a reasonable juror could find guilt beyond a reasonable doubt on the charge of possession of a controlled substance. However, I believe there was evidence of defendant's constructive possession of methamphetamine, and therefore, the state presented sufficient evidence to support defendant's conviction.

Pursuant to section 195.010(34), "a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance." The majority notes that only wife, and not defendant, had actual physical possession of a controlled substance. However, pursuant to section 195.010(34), actual possession is not required. The statute states that a person, not in actual possession, may be in constructive possession where that person has the power and intention to exercise dominion .or control over the substance. " 'Constructive possession requires, at a minimum, evidence that [d]efendant had access to and control over the premises where the drugs were found.' " *State v. Bacon,* 156 S.W.3d 372, 378; *(quoting State v. Morris,* 41 S.W.3d 494, 497 (Mo.App.2000)).

As the majority notes, where the premises are jointly possessed, there must be additional evidence of other incriminating circumstances to permit an inference of knowledge or control over the substance. *Bacon,* 156 S.W.3d at 378 (citation omitted). This includes, " 'routine access to an area where such substances are kept, the presence of large quantities of the substance at the scene where [defendant] is arrested, admissions of the accused, ... being in close proximity to drugs or drug paraphernalia in plain view of the police, [and the] mixture of defendant's personal belongings with the drugs.' " *Id.; (quoting Morris,* 41 S.W.3d at 497).

In the present case, defendant was in joint control of the hotel room with his wife, and as the majority notes, there was only a small quantity of the substance found on the premises. Moreover, defendant did not make any admissions to incriminate himself. However, there is sufficient additional evidence to support an inference that he had knowledge of and control over the substance found in the room.

The majority concludes that the small quantity of methamphetamine found in the straw, and the fact that the residue was found in a straw, requires a conclusion that the substance was not in plain view and that defendant's close proximity to the straw did not establish an inference of possession. I disagree. The straw, containing residue of a substance in it, was found on top of a dresser in the hotel room, which also held the television. There were no separate areas in the room, other than the bathroom, and defendant was sitting on one of the beds in the hotel room. Regardless of the amount of substance contained in the straw, defendant was in close proximity to the straw which contained the substance, and the straw containing the substance was in plain view of the police. The officers also found a piece of aluminum foil with burned residue either next to or in a trash can in the room. Field tests on the foil indicated a positive result for methamphetamine. The foil was also in plain view of the police, and in close proximity to defendant.

In addition to defendant's proximity to the controlled substance and the fact that the substance was in plain view, Officer Schleuter testified that they found several other items in the room which were associated with the manufacture of methamphetamine. A list was found in a notebook in defendant's pocket which contained items used in the production of methamphetamine. One of the items had been crossed off the list, and that item was found in the hotel room. Additionally, Officer Schleuter testified that a box of aluminum foil and a bag containing individual packets of salt were found in the room. He stated that the foil can be used to package methamphetamine or to use it. Officer Schleuter also noted that salt can be combined

with muriatic acid, an item on the list in defendant's notebook, as part of the process of manufacturing methamphetamine.

The majority determined that the evidence of the list found in defendant's pocket may possibly be relevant to a charge of manufacturing, but did not show defendant's knowledge of the presence of or control over a controlled substance. However, given the evidence regarding the items listed in the notebook found in defendant's pocket, coupled with the additional evidence of other items found in the room which were associated with the manufacture of methamphetamine, sufficient additional evidence of "incriminating circumstances" was presented to raise an inference of defendant's knowledge and control over the controlled substance in the hotel room.

Based upon the evidence of defendant's constructive possession of methamphetamine, the state presented sufficient evidence to support a conviction of possession of a controlled substance. Therefore, the trial court did not err in denying defendant's motion for judgment of acquittal. I would affirm the judgment of the trial court.

The majority's review of defendant's first claim on appeal was dispositive, and therefore, the majority does not reach the two remaining points on appeal. Because I believe the judgment of the trial court should be affirmed, I will briefly address each point. Neither point was preserved for review, and therefore they may be reviewed only for plain error. *State v. Presberry*, 128 S.W.3d 80, 85 (Mo.App. 2003); (citing Supreme Court Rule 30.20).

In his second point on appeal, defendant claims that the trial court erred in admitting the testimony of Officer Schleuter regarding his observations of defendant prior to the execution of the search warrant at the Budget Host Inn. The evidence of Officer Schleuter's observations of defendant prior to his arrest was part of the sequence of events which led to the securing of the search warrant for the Budget Host Inn. Its probative value in explaining the events outweighs any potential prejudice. Thus, the trial court did not err, plainly or otherwise, in admitting such testimony.

In his third point on appeal, defendant claims the trial court erred in admitting evidence of items seized from his car and in admitting testimony concerning the potential use of the items. As the majority notes, a digital scale, a night vision device, and two radios were found in the vehicle. Officer Schleuter testified that the digital scale is often used in the weighing of different items "indicative with drug use." With respect to the night vision device and the radios, Officer Schleuter testified that these items were seized because they have been used in the past by people stealing anhydrous ammonia, which is used in the manufacture of methamphetamine.

Here, the evidence of the items recovered from the vehicle, and the testimony regarding their potential use in obtaining materials to produce methamphetamine, was relevant to the crime with which defendant was charged. Additionally, while Officer Schleuter's testimony concerning the potential for use of the items to steal material used for production of methamphetamine may have been prejudicial, its probative value outweighed any potential prejudicial effect. Thus the trial court did not err, plainly or otherwise, in admitting such testimony.

As a result of the foregoing, I would affirm the judgment of the trial court.