**STATE of Missouri, Respondent,**

v.

**David E. POWER II, Appellant.**

**No. ED 91172.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 16, 2009.

Application for Transfer Denied
May 26, 2009.

Nancy A. McKerrow, Columbia, MO, for Appellant.

Jason H. Lamb, Mexico, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

David E. Power II (hereinafter, "Appellant") appeals from the trial court's judgment in a court-tried case where he was convicted of two counts of endangering the welfare of a child in the second degree, Section 568.050.1(4) RSMo (2000),[1] one count of possession of less than thirty-five grams of marijuana, Section 195.202.3, and one count of possession of drug paraphernalia, Section 195.233, all class A misdemeanor offenses. Appellant raises three points on appeal, challenging the sufficiency of the evidence to sustain his convictions. We affirm Appellant's conviction for possession of a controlled substance, but reverse and vacate his convictions for endangering the welfare of a child and possession of drug paraphernalia.

Each of Appellant's points challenge the sufficiency of the evidence to sustain his convictions. We limit our review of a challenge to the sufficiency of the evidence supporting a criminal conviction in a court-tried case to "a determination of whether the [S]tate presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). We consider the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *Id.* While reasonable inferences may be drawn from direct and circumstantial evidence, "the inferences must be logical, reasonable and drawn from established fact." *State v. Presberry*, 128 S.W.3d 80, 91 (Mo.App. E.D.2003).

1. All statutory references are to RSMo (2000) unless otherwise indicated.

The facts in the light most favorable to the verdict are as follows: On July 16, 2007, Missouri Highway Patrol Corporal Travis Hitchcock (hereinafter, "Hitchcock") and East Central Drug Task Force Investigator Shane Healea (hereinafter, "Healea") went to a trailer court to investigate a report of narcotics activity at 44 Oak Crest in Mexico, Missouri. Upon arrival, Healea knocked on the door and spoke to the trailer's owner, Kevin Bailey (hereinafter, "Bailey"). Bailey permitted the officers to enter the trailer after they identified themselves.

When the officers entered the trailer, Healea testified he observed Bailey pick up a marijuana smoking device and attempt to conceal it from view. Appellant was seated on a couch situated against the south wall of the living room, and Bailey took a seat directly across from him on another couch located on the north wall. Both officers testified they smelled the odor of burnt marijuana. Crawling on the floor in between the couches was Bailey's nine-month-old daughter.

Bailey granted Healea permission to search the trailer. In the living room, Healea recovered a marijuana smoking device known as a "bong" located next to the couch where Bailey sat and a tin box containing loose marijuana from behind that same couch. In Bailey's back bedroom, Healea seized two more bongs and a bag containing approximately seven grams of marijuana. Healea also discovered Bailey's nine-year-old son in that bedroom. After seizing the items, Healea asked the men, "Nothing else going on. You guys just sitting here babysitting and smoking marijuana?" to which the men replied, "Yes." The officers did not find any drugs or paraphernalia on Appellant. After receiving all of the testimony and exhibits, the trial court rendered its verdict, finding Appellant guilty of all four misdemeanor charges. Appellant appeals.

In his first point on appeal, Appellant claims the State presented insufficient evidence to support his conviction for both counts of endangering the welfare of a child pursuant to Section 568.050.1(4). Appellant argues the State failed to produce any evidence he knowingly encouraged, aided, and caused the minor children to enter a room, building or other structure which is a public nuisance.

"In considering the sufficiency of the evidence, there must be sufficient evidence of each element of the offense." *State v. Jordan*, 181 S.W.3d 588, 592 (Mo. App. E.D.2005)(*quoting State v. Dixon*, 70 S.W.3d 540, 544 (Mo.App. W.D.2002)). The State has the burden to prove each and every element of a criminal case. *State v. Barnes*, 245 S.W.3d 885, 889 (Mo. App. E.D.2008). If the State fails to produce sufficient evidence to sustain a conviction, we must reverse the trial court's judgment. *State v. Simmons*, 233 S.W.3d 235, 238 (Mo.App. E.D.2007).

Section 568.050.1(4) states a person commits the crime of endangering the welfare of a child in the second degree if "[h]e or she knowingly encourages, aids or causes a child less than seventeen years of age to enter into any room, building or other structure which is a public nuisance as defined in [S]ection 195.130." Section 195.130 defines a public nuisance as "[a]ny room, building, structure or inhabitable structure ... which is used for the illegal use, keeping or selling of controlled substances...."

Neither party has cited us to any Missouri caselaw construing this section of the statute, nor has our research uncovered any discussion of this particular subsection. In the absence of any precedential guidance, we begin our analysis by

examining the statute. When analyzing a criminal statute, we must discern the legislature's intent from language in the statute, and give effect to that intent. *State v. Myers*, 248 S.W.3d 19, 26 (Mo.App. E.D. 2008). We must consider the words used in their plain and ordinary meaning. *St. Louis Police Officers' Ass'n v. Board of Police Com'rs of City of St. Louis*, 259 S.W.3d 526, 528 (Mo. banc 2008). "When the Legislature has not defined a word, we can examine other legislative or judicial meanings of the word, and can also ascertain a word's plain and ordinary meaning from its definition in the dictionary." *Myers, supra.*

■■■ A person acts "knowingly" when he or she is aware that his or her conduct is practically certain to cause the result. *State v. Still*, 216 S.W.3d 261, 267 (Mo. App. S.D.2007); Section 562.016.3(2). "Encourage" is defined within a criminal law context as "to instigate; to incite to action; to embolden; to help." *Black's Law Dictionary* 547 (7th ed.1999). In a similar vein, the word "aid" as used in conjunction with "abet" is defined as "to assist or facilitate the commission of a crime or to promote its accomplishment." *Id.* at 69. Black's Law Dictionary also defines "cause" in a number of ways, the one most pertinent to this statute being "something that produces an effect or result." *Id.* at 212.

Here, the State argues Appellant had a knowing and active role in making the trailer a public nuisance through his use of marijuana at that location. The statute does not portend to find a person guilty of child endangerment when he or she takes an active role in making a place a public nuisance. Rather, the legislature contemplated a person must *encourage, aid or cause* a child *to enter into* a structure that is a public nuisance. Based upon the use of these words and their legal dictionary definitions, it is clear the legislature intended a person to take some affirmative steps in causing a child to enter into a structure that is a public nuisance.

The State failed to present any evidence Appellant took affirmative steps or action to bring the children to the trailer or that he smoked marijuana in their presence. The trailer belonged to Bailey, the children's father, and it stands to reason Bailey was charged with the children's care and custody. The State merely submitted to the trial court that the children were present in the trailer when the police arrived. There is no evidence to support any inference that Appellant brought Bailey's children with him to the trailer prior to smoking marijuana therein. In fact, it is unclear from the record that Appellant knew the children were present when he smoked the marijuana with Bailey in his trailer. While Appellant answered affirmatively when asked if he was "just sitting here babysitting and smoking marijuana", there was no evidence presented that these events occurred simultaneously.

Based on the foregoing, we find under the specific facts of this case, the State failed to prove beyond a reasonable doubt Appellant knowingly encouraged, aided, or caused Bailey's children to enter into the trailer at the time controlled substances were used. Thus, these convictions must be reversed and the sentences vacated. Point granted.

■■■ In his second point, Appellant challenges the sufficiency of the evidence to sustain his conviction of possession of a controlled substance. Appellant claims the State failed to introduce any evidence that he had actual or constructive possession of the marijuana found in Bailey's home. In the absence of this evidence, Appellant argues the State failed to prove its case beyond a reasonable doubt.

Section 195.202 prohibits a person from possessing or having under his or her control a controlled substance. Appellant was convicted pursuant to Section 195.202.3, which makes possession of less than thirty-five grams of marijuana a class A misdemeanor. The State must prove: (1) conscious and intentional possession of the controlled substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. *State v. Hairston*, 268 S.W.3d 471, 474 (Mo.App. S.D.2008). Where actual possession is not present, the State carries the burden of proving constructive possession coupled with facts that buttress the inference of possession. *State v. Metcalf*, 182 S.W.3d 272, 274 (Mo.App. E.D.2006). Constructive possession occurs when a defendant "has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons...." Section 195.010(34); *See also, State v. Moses*, 265 S.W.3d 863, 865 (Mo.App. E.D. 2008).

To demonstrate constructive possession, the State must show at a minimum the defendant had access to and control over the premises where the substance was found. *Glover v. State*, 225 S.W.3d 425, 428 (Mo. banc 2007). Where there is evidence of joint control over the area where a controlled substance is found, the State must present additional evidence that connects the defendant to the controlled substance. *Metcalf*, 182 S.W.3d at 275. Such evidence might include:

> [R]outine access to the area where the substances are kept, the presence of large quantities of the substance at the arrest scene, admissions by the accused, being in close proximity to the substances or drug paraphernalia in plain view of the law enforcement officers, the mixing of defendant's personal belong-

ings with the drugs, or flight by a defendant upon realizing the presence of law enforcement officials.

*Id.* We must consider the totality of the circumstances when determining whether sufficient incriminating circumstances exist. *Id.*

It is undisputed the officers did not find any drugs or paraphernalia on Appellant's person when he was arrested. Thus, actual possession was not at issue in this case. Rather, we look to see whether the State presented sufficient evidence to demonstrate Appellant had constructive possession of the marijuana found in Bailey's home. The officers testified when they arrived at Bailey's trailer, they smelled the odor of burnt marijuana, they saw drug paraphernalia in plain sight, and they recovered a small quantity of marijuana from the arrest scene. Moreover, the officers testified Appellant answered affirmatively when the officers asked whether he had been "just sitting here babysitting and smoking marijuana." Given the totality of the circumstances, which include Appellant's admission and additional evidence that connects Appellant to the controlled substance, we find the State presented sufficient evidence to demonstrate Appellant constructively possessed the marijuana found at Bailey's house. Appellant's second point is denied.

In his final point, Appellant challenges the sufficiency of the evidence to support his conviction of possession of drug paraphernalia pursuant to Section 195.233. As it pertains to this case, this section makes it unlawful for any person to use or posses with the intention to use drug paraphernalia to "ingest, inhale, or otherwise introduce into the human body a controlled substance ... in violation of [S]ections 195.005 to 195.425." Similar to his second point, Appellant argues the State failed to prove beyond a reasonable

doubt that he had actual or constructive possession over the drug paraphernalia found in Bailey's house.

We employ the same analysis when reviewing the question of whether Appellant possessed drug paraphernalia as when determining whether Appellant possessed a controlled substance. Again, we note Appellant was not in actual possession of any drug paraphernalia when he was arrested. Therefore, we must examine the record to determine whether the State proved constructive possession occurred. Unlike our finding with respect to the marijuana, we find the State failed to present sufficient evidence to connect Appellant to the drug paraphernalia in Bailey's home to support this conviction.

■ Other than Appellant's admission that he was smoking marijuana when questioned by police, there is no additional evidence linking him to the drug paraphernalia found on the premises. Two of the bongs the police recovered where found in Bailey's bedroom. There was no evidence presented Appellant had routine access to Bailey's bedroom. Further, there was a small quantity of marijuana recovered, none of which was in plain view of the officers when they searched the trailer. We recognize there was one bong recovered from the living room which Healea testified was in plain view of the Appellant. However, "[m]ere presence at a place where contraband is found is not enough to create an inference of control." *State v. Kimberley,* 103 S.W.3d 850, 858 (Mo.App. W.D.2003). While the presence of the bong in the living room demonstrates Appellant may have been aware of the presence and nature of the contraband, the State failed to demonstrate conscious and intentional possession of the paraphernalia, either actual or constructive. Point granted.

Based on the foregoing, we hold the State failed to present sufficient evidence to sustain Appellant's convictions for endangering the welfare of Bailey's children and possessing drug paraphernalia. We reverse the trial court's judgment with respect to those three convictions and vacate the sentences imposed therein. Appellant's conviction for possession of a controlled substance was supported by sufficient evidence, and the trial court's judgment in that respect is affirmed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.