

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99963 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Monroe County |
| vs. | ) | |
| | ) | |
| AUSTIN D. RILEY, | ) | Honorable Rachel L. Bringer Shepherd |
| | ) | |
| Appellant. | ) | Filed: June 24, 2014 |

### *Introduction*

Austin Riley (Defendant) appeals from the judgment of conviction entered by the Circuit Court of the County of Monroe after a jury found him guilty of possession of a controlled substance. Defendant claims that the trial court erred in: (1) denying his motion for judgment of acquittal; (2) excluding evidence of an excited utterance; and (3) failing to *sua sponte* declare a mistrial or give a curative instruction during the prosecutor's closing argument. We affirm.

### *Factual and Procedural Background*

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: On March 1, 2012, Defendant and Joshua Painter drove to Columbia, Missouri, where Mr. Painter purchased methamphetamine. On the drive back to Monroe County, Defendant and Mr. Painter used some of the purchased methamphetamine.

At approximately 4:00 p.m. on March 2, 2012, Special Agents Jonathan Sutton and Rob Warner of the Northeast Missouri Narcotics Task Force executed a search warrant on the

residence of Mr. Painter and his girlfriend, Jennifer Lehenbauer. The officers entered the residence into the living room, where Defendant was asleep on the couch and Mr. Painter was sitting on a chair. On a coffee table located two to four feet from the couch, the officers observed a clear plastic bag containing 0.19 grams of methamphetamine, a glass pipe, and a pen tube with residue. Defendant admitted that he had used methamphetamine several times with Mr. Painter and Ms. Lehenbauer at their residence and that he had used the seized methamphetamine the previous day.

The State charged Defendant with possession of a controlled substance. Prior to trial, the State filed a motion in limine to exclude as hearsay Mr. Painter's statement to Agent Warner during the search that the methamphetamine belonged to him. Defendant opposed the motion, asserting that statement was a relevant excited utterance.

To support his assertion, Defendant made a pre-trial offer of proof through the testimony of Agent Warner. Agent Warner's testimony established the following: He knocked on the front door of Mr. Painter and Ms. Lehenbauer's residence and announced "police, search warrant." Ms. Lehenbauer opened the door. Agent Warner was one of the first of at least ten officers to enter the residence. Agent Warner ordered Defendant, Mr. Painter, and Ms. Lehenbauer to the ground and placed Mr. Painter in handcuffs. Other officers cleared the residence to ensure no one else was present. When Agent Warner helped Mr. Painter off of the ground, Mr. Painter made a statement to the effect of "it's mine, it's all mine, she had nothing to do with it." Agent Warner instructed Mr. Painter to be quiet because he had not yet provided him Miranda warnings. Agent Warner estimated that thirty to sixty seconds elapsed between his entrance and Mr. Painter's statement. Following the offer, the trial court granted the State's motion.

At trial, Mr. Painter testified on behalf of Defendant. Mr. Painter testified that on the day of the search, Defendant was asleep on the couch while Mr. Painter smoked methamphetamine and waited for Ms. Lehenbauer's arrival. He testified that he purchased the methamphetamine in Columbia, Defendant rode there with him, and they smoked some of the methamphetamine on their drive home.

Defense counsel asked Mr. Painter if he made a statement regarding the drugs to the officers during the search, and the prosecutor objected on hearsay grounds. Defense counsel responded that the statement was relevant, Mr. Painter was "the declarant of his own statement," and the statement was "essential to the defense's theory." The trial court sustained the State's objection.

At the close of all evidence, Defendant moved for a judgment of acquittal, asserting that the State failed to prove the elements of the crime alleged in the information. The trial court denied Defendant's motion. The jury found Defendant guilty and the trial court sentenced him to two years' imprisonment. Defendant appeals.

### *Discussion*

In his first point, Defendant asserts that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that he possessed methamphetamine. Specifically, Defendant alleges that the State offered insufficient evidence to prove that he exercised dominion or control over the methamphetamine in question. The State counters that the trial court did not err because the State presented sufficient evidence of both actual and constructive possession.

When a criminal defendant challenges the sufficiency of the evidence, this court must determine "whether there is sufficient evidence from which a reasonable juror might have found

3

the defendant guilty beyond a reasonable doubt." State v. Primm, 347 S.W.3d 66, 72 (Mo. banc 2011). This court views the evidence "in the light most favorable to the verdict, considering all favorable inferences and disregarding all contrary inferences." Id.

To convict a defendant of possession of a controlled substance under section 195.202.1, the State must prove that the defendant: (1) had conscious and intentional possession, actual or constructive, of the controlled substance; and (2) was aware of the presence and nature of the substance. Mo. Rev. Stat. § 195.202.1; State v. Smith, 33 S.W.3d 648, 653 (Mo.App.W.D. 2000). Defendant does not challenge the sufficiency of the evidence to prove that he had knowledge of the methamphetamine at issue. Rather, Defendant contends that the State failed to present sufficient evidence that he had either actual or constructive possession.

"A person has actual possession if he has the substance on his person or within easy reach and convenient control." Mo. Rev. Stat. § 195.010(34). Defendant did not have the methamphetamine on his person when the officers executed the search. Thus, Defendant did not have actual possession. See State v. Power, 281 S.W.3d 843, 848 (Mo.App.E.D. 2009).

Constructive possession of a controlled substance exists when a person "although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons." Mo. Rev. Stat. § 195.010(34). To prove constructive possession, the State must show at a minimum the defendant had access to and control over the premises where the substance was found. Power, 281 S.W.3d at 848. "Where there is evidence of joint control over the premises where a controlled substance is located, the State must present additional evidence that connects the defendant to the controlled substance." Id. Such evidence might include:

> [R]outine access to the area where the substances are kept, the presence of large
> quantities of the substance at the arrest scene, admissions by the accused, being in

4

close proximity to the substances or drug paraphernalia in plain view of the law enforcement officers, the mixing of defendant's personal belongings with the drugs, or flight by a defendant upon realizing the presence of law enforcement officials.

Id. We must consider the totality of the circumstances when determining whether sufficient incriminating circumstances exist. Id.

The record reveals sufficient evidence to support the jury's finding that Defendant possessed the methamphetamine, including the following: When the officers entered the residence, Defendant was on the couch that was two to four feet from the coffee table where the methamphetamine was located in plain view. Being in close proximity to drugs or drug paraphernalia in plain view of the police constitutes additional evidence to connect a defendant to the contraband. State v. Jackson, 576 S.W.2d 756, 757 (Mo.App.E.D. 1979). Additionally, Defendant admitted that he had previously used methamphetamine with Mr. Painter and Ms. Lehenbauer at their residence and had used methamphetamine from the bag the officers seized during their search.

Defendant asserts that evidence of prior drug use is insufficient to constitute additional evidence of control. To support his assertion, Defendant cites State v. May, 71 S.W.3d 177 (Mo.App.W.D. 2002). May is inapposite. In May, the defendant admitted to his general prior drug use and knowledge of drugs located in the apartment. Id. at 184. The court concluded that the defendant's awareness of the presence of drugs was insufficient to prove the defendant had control of drugs found in the apartment. Id. at 185. Here, Defendant admitted not only to prior drug use but also to use of the seized drugs. A defendant's admission, along with other evidence connecting the defendant to the controlled substance, is sufficient to prove constructive possession. Power, 281 S.W.3d at 848. Accordingly, we conclude that the trial court did not err in denying Defendant's motion for judgment of acquittal because, under the totality of the

5

circumstances, the record contained sufficient evidence from which the jury could find that Defendant had control over the methamphetamine.[1] Point denied.

In his second and third points, Defendant asserts that the trial court abused its discretion in excluding evidence that, during the execution of the search warrant, Mr. Painter stated to Agent Warner that the methamphetamine belonged to him. Specifically, Defendant asserts that the statement was an excited utterance and that the trial court erred in excluding Mr. Painter's and Agent Warner's testimony regarding the statement. Defendant contends that the exclusion of this evidence prejudiced him because the evidence directly supported the defense theory that Defendant did not possess the methamphetamine. The State counters that the trial court did not err in excluding evidence of Mr. Painter's statement because: (1) the statement was hearsay; and (2) Defendant was not prejudiced.[2]

Trial courts have broad discretion to admit or exclude evidence at trial. State v. Sanchez, 186 S.W.3d 260, 264 (Mo. banc 2006). We review a trial court's decision to exclude evidence

---

[1] To support his position that the State presented insufficient evidence of conscious and intentional control, Defendant summarizes several cases in which Missouri courts have reversed defendants' convictions on the basis of insufficient evidence of control. State v. West, 21 S.W.3d 59, 63 (Mo.App.W.D. 2000), State v. Bowyer, 693 S.W.2d 845 (Mo.App.W.D. 1985), State v. May, 71 S.W.3d 177 (Mo.App.W.D. 2002), State v. Smith, 33 S.W.2d 648 (Mo.App.W.D. 2000), State v. Morris, 41 S.W.3d 494 (Mo.App.E.D. 2000), State v. Hendrix, 81 S.W.3d 79 (Mo.App.W.D. 2002), State v. Cushshon, 218 S.W.3d 587 (Mo.App.E.D. 2007), and State v. McClain, 968 S.W.2d 225 (Mo.App.S.D. 1998). These cases are factually distinguishable, and we find Defendant's reliance on them is unpersuasive. In none of the cases was there evidence that the defendant: (1) was in close proximity to the contraband in plain view; and (2) made an admission relating to control of the contraband.

[2] Arguably, Defendant's claims are not properly preserved for review. A trial court's ruling on a motion in limine to exclude evidence at trial preserves nothing for appeal. State v. Chambers, 234 S.W.3d 501, 511 (Mo.App.E.D. 2007). To preserve the issue, the proponent of the evidence "must attempt to present the excluded evidence at trial, and if an objection to the proposed evidence is raised and sustained, the proponent must then make an offer of proof." State v. Marshall, 131 S.W.3d 375, 377 (Mo.App.E.D. 2004). "An offer of proof made before trial at a hearing on a motion in limine will not suffice." Id. Defendant did not attempt to present the excluded evidence through Agent Warner and he did not make an offer of proof when the trial court sustained the State's objection to the proposed testimony of Mr. Painter.

6

for prejudice, not just error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. State v. Speaks, 298 S.W.3d 70, 80-81 (Mo.App.E.D. 2009).

The excited utterance exception to the general rule against hearsay applies when: "(1) a startling event or condition occurs; (2) the statement is made while the declarant is still under the stress of the excitement caused by the event and has not had the opportunity to fabricate the story; and (3) the statement relates to the startling event." State v. Hedges, 193 S.W.3d 784, 788 (Mo.App.E.D. 2006). Alleged excited utterances are presumably inadmissible hearsay and the party offering the statement as an excited utterance "bears the burden of making a sufficient showing of spontaneity to render the statement admissible." State v. Kemp, 919 S.W.2d 278, 280 (Mo.App.W.D. 1996).

Defendant's argument is premised on the assumption that the execution of the search warrant constitutes a startling event such that Mr. Painter's statement was "provoked by the excitement of the event." The essential test for admissibility of an excited utterance is whether it was made under such circumstances as to indicate it is trustworthy. State v. Kemp, 212 S.W.3d 135, 146 (Mo. banc 2007). The statement must be made under the immediate and uncontrolled domination of the senses as a result of the shock produced by the event. Id.

The record supports the trial court's decision to exclude evidence of Mr. Painter's statement to Agent Warner as hearsay. Our review of the record reveals that Agent Warner knocked and announced, "police, search warrant" and that Ms. Lehenbauer opened the front door to allow the officers' entry. Mr. Painter was awake and sitting on a chair when the officers entered. Not until after the officers cleared the residence and Agent Warner assisted Mr. Painter from the ground did Mr. Painter state that the methamphetamine belonged to him and "she had nothing to do with it." Defendant failed to demonstrate a startling event such that Mr. Painter's

7

statement was a "spontaneous utterance of thought created by or springing out of the occurrence itself[.]" Kemp, 919 S.W.2d at 281. Based on the above, we conclude that the trial court did not abuse its discretion in excluding Mr. Painter's statement because Defendant did not meet his burden of demonstrating that the statement was an excited utterance.

Defendant asserts that he was prejudiced by the trial court's exclusion of Mr. Painter's statement to Agent Warner because it directly supported the defense theory that Defendant did not possess the methamphetamine. Because Defendant failed to prove that the trial court abused its discretion in excluding the testimony as hearsay, we need not consider Defendant's prejudice claim. Points two and three are denied.

In his fourth point, Defendant asserts that the trial court plainly erred in failing to *sua sponte* declare a mistrial or give a curative instruction in response to the prosecutor's statements during closing argument. Defendant contends that the prosecutor's statements violated his rights to be tried only for the offense charged and to a unanimous jury verdict as to the criminal conduct. Defendant alleges that the prosecutor's statements resulted in manifest injustice because the statements allowed the jury to convict Defendant for uncharged conduct and without unanimously agreeing as to what methamphetamine he possessed.

Defendant concedes that he did not properly preserve this issue but requests we review for plain error. "Under plain error review, a conviction will be reversed for improper closing argument only when it is established that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice." State v. Barker, 410 S.W.3d 225, 234 (Mo.App.W.D. 2013) (quotation omitted). "An argument has a decisive effect when it is reasonably probable that, absent the argument, the verdict would have been different." Id.

(quotation omitted). "Statements made in closing argument rarely constitute plain error." Id. (quotation omitted).

The record reveals that during closing argument, the prosecutor argued that Defendant was responsible for the methamphetamine being brought into Monroe County and "for possession of methamphetamine in Monroe County on those days." During rebuttal, the prosecutor stated to the jury:

> If you don't possess methamphetamine when you smoke it, when do you? When do you posses [sic] methamphetamine if you don't possess it when you smoke it? He didn't wake up when the cops came out – in the door because he was high out of his gourd. He was so high he was passed out. He got himself high. That's no defense. That doesn't make him innocent. He used drugs. You set them on your bedside table. You go to asleep [sic]. You're not innocent. You still possess them. You know they're there. He knew what he was doing. He acted with [Mr.] Painter. He acted with [Ms.] Lehenbauer, and he acted with the purpose to possess methamphetamine because he wanted to get high.
> … And not only that, he used methamphetamine out of the very bag that's sitting in front of you. If that doesn't mean you possess it, I don't know what does. You can't possess it any more than that.

Defendant asserts that the prosecutor's statements violated his right to be tried only for the offense charged and to a unanimous jury verdict regarding the criminal conduct because they allowed the jury to find Defendant guilty "based upon his use of methamphetamine during the car ride home from another county." However, any prejudicial effect of the prosecutor's comments during closing argument must be viewed in context and in light of the trial court's instructions to the jury. State v. Edwards, 116 S.W.3d 511, 536 (Mo. banc 2003). The trial court instructed the jury that to find Defendant guilty it had to find that "in the County of Monroe, … the defendant possessed methamphetamine… ." Jurors are presumed to follow the instructions of the trial court. State v. Cornelious, 258 S.W.3d 461, 468 (Mo.App.W.D. 2008). In the context of the trial court's verdict-directing instruction, the prosecutor's comments did not result in manifest injustice. Accordingly, we conclude that the trial court did not plainly err in failing

9

to *sua sponte* declare a mistrial or give a curative instruction as a result of the prosecutor's statements during closing argument.  <u>See</u> <u>e.g.</u> <u>Barker</u>, 410 S.W.3d at 235.  Point denied.

### *Conclusion*

The judgment of the trial court is affirmed.


_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.

10