

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107471 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Warren County |
| vs. | ) | |
| | ) | Honorable Wesley C. Dalton |
| ALVIN L. BARNETT, | ) | |
| | ) | |
| Appellant. | ) | Filed: January 28, 2020 |

## Introduction

Alvin Barnett ("Defendant") appeals the judgment and sentence of the Circuit Court of Warren County following a jury trial. Defendant was convicted of possession of methamphetamine and marijuana and the unlawful use of drug paraphernalia. In Defendant's first point on appeal, he argues the State failed to provide sufficient evidence to convict on the three charged offenses because the State failed to show the required incriminating circumstances to prove constructive possession of contraband found in a vehicle occupied by more than one person. The State argues there was sufficient evidence to show Defendant had both knowledge and control over the contraband because Defendant was near the contraband, he acted nervous during the search, and drug ledgers which had Defendant's name in them were found in the vehicle. We find the evidence was insufficient to convict Defendant of the charged crimes. We reverse the judgment of the trial court.

In Defendant's second point on appeal, he argues evidence was improperly allowed at trial because it was hearsay not subject to any exception. In Defendant's third point on appeal, he argues this evidence violated his right to a fair trial because the evidence was the functional equivalent of testimony by a co-defendant which Defendant had no opportunity to cross-examine. Because we reverse the trial court's judgment based on Defendant's first point, we do not address these arguments raised in Defendant's second and third points relied on.

<u>Factual and Procedural Background</u>

Defendant was charged with class C felony possession of methamphetamine under Section 195.202.2, class A misdemeanor possession of marijuana under Section 195.202.3, and misdemeanor unlawful use of drug paraphernalia under Section 195.233.[1] Defendant was the front passenger in a vehicle pulled over by a police officer, Shawn Moritz ("Officer Moritz").[2] Officer Moritz stopped the vehicle because it did not have a rear license lamp. Defendant's girlfriend, Wanda Williams, was the driver. Defendant's sister, Lisa Lewis, was seated directly behind Defendant in the rear passenger seat. During a search of the vehicle, Officer Moritz found methamphetamine and marijuana under a wash cloth behind the center console on the backseat floorboard. Officer Moritz also found a floral makeup bag containing a digital scale, plastic bags, and a measuring spoon. Officer Moritz found seven notebooks in Lewis' purse. As part of discovery in September 2016, the State disclosed to Defendant photographs taken by the State of pages from the notebooks found in Lewis' purse which the State planned to use to show the notebooks were drug ledgers. These originally disclosed photographs did not contain Defendant's name.

---

[1] All statutory references are to RSMo (2016), effective on the date of the incident in this case, June 14, 2016.
[2] No evidence was presented at trial to suggest Defendant owned the vehicle.

Defendant's trial was scheduled for October 30, 2017. On October 23, 2017, the State disclosed additional photographs of pages from the notebooks containing Defendant's first name not previously received by Defendant through discovery. On October 27, 2017, Defendant moved to exclude the newly disclosed photographs so close to trial or to continue the trial for time to investigate the photographs. To support the motion, Defendant argued the statements were hearsay not under any exception. Defendant also argued use of these statements violated Defendant's rights under the confrontation clause, constituted evidence of prior bad acts, and would be more prejudicial than probative. On October 29, 2017, Defendant filed a motion in limine to exclude the notebooks from evidence at trial.

On October 30, 2017, during a hearing outside the presence of the jury, Defendant and the State argued over the admission of the newly disclosed photographs of the notebooks. The State claimed the statements within the notebooks showed a debt owed for drugs. The State wanted the jury to draw an inference from the fact a debt was owed for drugs. The State claimed the notebooks were being used as nonhearsay. Defendant argued the use of the statements within the notebooks was hearsay and did not fall under an exception to the hearsay rule. Defendant also argued the use of the notebooks violated the confrontation clause. The trial court denied Defendant's motion in limine. The cause was not reached on the October 30, 2017 trial docket and was continued.

Defendant's trial took place on August 20, 2018.[3] On that date, during a hearing outside the presence of the jury, Defendant renewed his motion in limine to exclude the photographs of the notebooks without further argument. The trial court, again, denied the motion in limine.

---

[3] Trial had been set for an earlier date in 2018. There was a warrant for Defendant's arrest in Montgomery County, and Defendant failed to appear for one of the hearings in this case. Trial was eventually re-set and commenced on August 20, 2018, approximately 10 months after the photographs containing Defendant's first name were disclosed to Defendant.

3

After the trial court's ruling, the State asserted it would only use the notebooks to show "the nature of the documents…, not the actual statements contained within the notebooks."

The State called Officer Moritz and Janet Davis, a criminalist from the Missouri State Highway patrol. Officer Moritz testified about the details of the events on the date of the traffic stop and subsequent vehicle search. Davis testified about testing of the methamphetamine found during the vehicle search.

According to Officer Moritz, Defendant was nervous and looked at Williams and Lewis during the traffic stop. Defendant was leaning from the front passenger seat toward Williams, the driver, to hear the conversation between Officer Moritz and Williams. Officer Moritz testified Defendant would look back at Lewis, the passenger sitting directly behind him, every couple of seconds. Officer Moritz testified he recognized Lewis and knew she was involved in the use and sale of narcotics. He testified he ran Lewis' name through dispatch which showed she was on probation.

After questioning Williams, Officer Moritz asked Williams to exit the vehicle because the occupants were more nervous than they should have been given the circumstances. Williams consented to Officer Moritz searching the vehicle. After receiving this consent, Officer Moritz asked Defendant and Lewis to exit the vehicle. At this point, other officers had arrived. Officer Moritz searched the vehicle. Officer Moritz testified Defendant became more nervous and acted more suspiciously while Moritz was searching the vehicle. Officer Moritz found nothing in the front seats.

When Officer Moritz opened the rear door near Lewis' seat, he noticed a bright "neon green" wash cloth on the floor behind the center console. Officer Moritz picked up the wash cloth, which appeared to have been placed on the rear floorboard. A small plastic bag and a blue

4

container fell out of the wash cloth when Officer Moritz picked it up. According to Officer Moritz's training and experience, there was marijuana in the small plastic bag. The blue container held what appeared to be 3 grams of methamphetamine in two small plastic bags. Officer Moritz also found a floral print makeup bag on the rear floorboard, about a foot from the wash cloth. This bag contained about 100 empty plastic bags similar to the three found under the wash cloth, a digital scale, and a plastic quarter-teaspoon measuring spoon.

The State asked Officer Moritz about the seven notebooks he seized from Lewis' purse. Defendant renewed the objection to the State's use of the notebooks. Defendant also asked the trial court for a continuing objection to Officer Moritz's testimony about the notebooks. The State was later allowed, over objection, to admit these notebooks and publish photographs of pages to the jury. Exhibit 10 included all of the notebooks found in Lewis' purse. Exhibits 10A-10G were each separate notebooks or papers. The photographs of pages of the notebooks were entered into evidence as Exhibits 11-18.

Based on Officer Moritz's experience, the notebooks appeared to be drug ledgers. He testified drug ledgers are a record of who a person has sold drugs to and how much is owed. Officer Moritz testified one page, pictured in Exhibit 11, stated the author was "owed for two balls, which is referencing an eight ball of methamphetamine." The dollar amount owed for the "two balls" was what first led him to believe the notebooks were drug ledgers. Exhibit 11 contained Defendant's first name. He also testified Exhibit 12 showed a list of people's names and dollar amounts, which he thought was a list of people who owed the author money, or an "owe" list. The State referenced Exhibit 18, a page from a notebook which referred to "ppl" owing the author of the notebook. Officer Moritz mentioned the same names appeared numerous times in the notebooks. Some of these lists also indicated dates of payments.

Exhibits 11, 12, and 18 were published to the jury.[4] Defendant's first name was not mentioned when the State examined Officer Moritz about Exhibit 11. Exhibits 13-17 each contained Defendant's first name. Exhibits 13-17 were not referenced by the State in their case-in-chief but were admitted into evidence during the State's examination of Officer Moritz.

There was no evidence in the record Defendant was aware the drug ledgers were in Lewis' purse before Officer Moritz seized them. The State did not claim or present any evidence Defendant owned the vehicle, the wash cloth covering the drugs, or the makeup bag containing the digital scale.

Defendant present no evidence at trial. At the close of the State's evidence and at the close of all evidence, Defendant moved for judgment of acquittal. The trial court denied both motions.

The jury was instructed for possession of the methamphetamine and marijuana, if it found and believed beyond a reasonable doubt Defendant possessed the contraband and was aware of its presence and nature, then they would find Defendant guilty of each of the possession charges. For the unlawful use of drug paraphernalia, the jury was instructed if it found and believed beyond a reasonable doubt the digital scale was drug paraphernalia, Defendant possessed the digital scale, Defendant was aware of the digital scale's presence and nature, and Defendant intended to use the digital scale to prepare a controlled substance, then they would find Defendant guilty of unlawful use of drug paraphernalia. The jury was instructed by the trial court:

> A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with the other persons with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.

---

[4] Exhibit 12 was a photograph of the notebook marked as Exhibit 10F. Exhibits 11 and 18 were photographs the notebook marked as Exhibit 10G.

6

The jury was also instructed it must consider each charged crime separately.

In closing argument, the State claimed Defendant had possession of the methamphetamine, the marijuana, and the digital scale because the items were within Defendant's reach; Defendant and the other two occupants had the opportunity to access the contraband; Defendant was acting nervous and looking around while Officer Moritz was questioning Williams and searching the vehicle; and the drug ledgers showed Defendant possessed the items. The State claimed Defendant had drugs on his person before Officer Moritz searched the vehicle. The State claimed Defendant, then, got rid of the drugs he was holding and stashed them with the rest of the drugs under the wash cloth in the back of the vehicle. The State referred back to the jury instruction on accomplice liability. The State said:

> So you have three people in this car. Three people with three grams of methamphetamine. Each and every one of them is responsible for it. Each and every one of them was intending to exercise dominion and control over it. We know that from the totality of the circumstances.

In closing argument, Defendant claimed the State failed to show Defendant knew there were drugs or paraphernalia in the vehicle or Defendant intended to have control over them. Defendant argued there were other possible explanations for the nervousness Officer Moritz described, like his girlfriend Williams being pulled over or his sister Lewis being on probation. Defendant argued the appearance of his name in the notebooks did not allow the inference Defendant was aware of Lewis' possession of the drugs and paraphernalia. Defendant argued his first name appearing in the drug ledgers did not connect him to the crimes. Defendant also argued the date found near Defendant's name was May 11, over a month before June 14, 2016, the date Officer Moritz stopped the vehicle. Defendant claimed there was not enough evidence

7

to show Defendant intended to possess drugs or knew drugs were in the vehicle on the date of this incident.

Before its rebuttal argument, the State requested permission to use the fact Defendant's first name appeared in the notebooks. The State argued it originally offered the notebooks only for the nonhearsay purpose of showing the nature of the drug ledgers. The State claimed the appearance of Defendant's first name was not a part of the evidence in the State's case-in-chief or closing argument. The State claimed Defendant opened the door to this otherwise inadmissible evidence in closing argument. The trial court decided the State, to rebut Defendant's closing argument, could use what Defendant mentioned in closing argument. The State claimed Defendant's first name appearing in the notebooks was not a part of the evidence in the State's case-in-chief against Defendant.

In rebuttal argument, the State argued the jury can conclude, based on the evidence before it, Lewis is drug dealer. The State claimed, because Defendant knew Lewis was a drug dealer and his name appeared in the drug ledgers, the jury could conclude Defendant was nervous because he knew about the drugs in the vehicle. The jury found Defendant guilty of possession of controlled substance, possession of marijuana, and unlawful use of drug paraphernalia.

A sentencing hearing was held on November 27, 2018. Defendant moved for judgment of acquittal notwithstanding the verdict or, in the alternative, a new trial. The trial court denied Defendant's motion and sentenced Defendant to ten years in Missouri Department of Corrections for possession of a controlled substance. Defendant was sentenced to one year in county jail for possession of marijuana and unlawful use of a controlled substances. These sentences were ordered to run concurrently with each other and any other sentences Defendant was serving.

8

*Point I*

Defendant argues the State did not present sufficient evidence to show Defendant knew the drugs or drug paraphernalia were in the vehicle or had control over the contraband. The State disagrees and states Defendant's nervousness, the proximity and access to the contraband, and the drug ledgers are enough evidence to show constructive possession of the drugs and digital scale.

Standard of Review

In assessing the sufficiency of the evidence, this court must view all evidence in the light most favorable to the jury's verdict and accept as true any reasonable inferences from this evidence, disregarding evidence and inferences to the contrary. *State v. Bateman*, 318 S.W.3d 681, 687 (Mo. banc 2010). We review a judgment and sentence for sufficient evidence by determining if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 686-87.

Analysis

Possession, regarding a controlled substance or drug paraphernalia, is defined by statute.[5]

> [A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint[.]

---

[5] "It is unlawful for any person to use, *or to possess with intent to use*, drug paraphernalia[.]" Section 195.233 (emphasis added). An unlawful use of drug paraphernalia charge required possession of the paraphernalia defined under Section 195.010(34). *See State v. Power*, 281 S.W.3d 843, 848 (Mo. App. E.D. 2009). The jury was instructed possession was an element of this offense. "We employ the same analysis for the possession of drug paraphernalia and possession of a controlled substance." *Id*. at 849.

Section 195.010(34). Two essential elements of possession are: "(1) that [the defendant] had conscious and intentional possession of the controlled substance, either actual or constructive, and (2) that [he] was aware of the presence and nature of the substance." *State v. Buford*, 309 S.W.3d 350, 355 (Mo. App. S.D. 2010) (quoting *State v. West*, 21 S.W.3d 59, 63 (Mo. App. W.D. 2000)). Knowledge of the presence of a controlled substance alone is insufficient to sustain a conviction for possession. *State v. Chavez*, 128 S.W.3d 569, 575 (Mo. App. W.D. 2004) (citing *State v. Morris*, 41 S.W.3d 494, 498 (Mo. App. E.D. 2000)). The State must also present evidence establishing the defendant exercised control over the controlled substance. *Id*. (citing *Morris*, 41 S.W.3d at 498).

When actual possession cannot be shown, the State carries the burden of proving constructive possession coupled with facts buttressing the inferences of possession. *State v. Power*, 281 S.W.3d 843, 848 (Mo. App. E.D. 2009) (citing *State v. Metcalf*, 182 S.W.3d 272, 274 (Mo. App. E.D. 2006)). The State may argue reasonable inferences from the evidence. *Chavez*, 128 S.W.3d at 578 (citing *Middleton v. State*, 103 S.W.3d 726, 742 (Mo. banc 2003)). On appeal, we take these inferences, if reasonable, in the light most favorable to the jury's verdict. *Bateman*, 318 S.W.3d at 687.

If an accused person is in exclusive control of a vehicle, contraband found in that vehicle is presumed to rest within his possession and control. *Buford*, 309 S.W.3d at 355 (citing *State v. Bowyer*, 693 S.W.2d 845, 847 (Mo. App. W.D. 1985)). When there is more than one person in a vehicle, this presumption does not arise. *Id*. (citing *Bowyer*, 693 S.W.2d at 847). However, joint occupancy of a vehicle does not preclude a finding of possession if further evidence of incriminating circumstances connects the defendant to the illegal substances. *Id*. (citing *State v. Millsap*, 244 S.W.3d 786, 788 (Mo. App. S.D. 2008)). We consider the totality of the

circumstances to determine if additional incriminating circumstances have been shown when an accused is in joint control over a vehicle. *State v. Woods*, 284 S.W.3d 630, 640 (Mo. App. W.D. 2009).

Incriminating circumstances can include nervousness during a search of the area and ease of access or routine access to the area the drugs were found. *Id*. Other incriminating factors include: drugs found in plain view; a large quantity or large monetary value of drugs; an odor of drugs; an accused's personal belongings commingled with the drugs; or ownership or control over the vehicle. *Id*. Statements made by the accused, false statements to deceive law enforcement, or attempts to flee from law enforcement can also show incriminating circumstances. *Id*.

Here, the State argued Defendant was nervous and had access to the contraband. "When a defendant has another equally probable reason for marked nervousness, there must be evidence of an additional incriminating fact before a permissible inference can be drawn that the defendant had knowledge of and control over the drugs located in the vehicle." *Buford*, 309 S.W.3d at 358.

Nervousness during a search when combined with access to the contraband is insufficient to support an inference of knowledge and control. *See Buford*, 309 S.W.3d at 360. In *State v. Buford*, the accused was one of three occupants of a vehicle and was seated in the front passenger seat. *Id*. at 360. The accused acted nervously during the search and the controlled substance was found between the accused's seat and the door along with some loose cocaine on the floorboard in front of the seat occupied by the accused. *Id*. at 360-61. The Southern District found this superior access to the contraband and nervousness during the search were insufficient to support the inference of knowledge and control. *Id*. at 361.

11

The access demonstrated in *Buford* was more incriminating than the access demonstrated here. Access to drugs or paraphernalia can suggest knowledge of and control over the contraband. *Woods*, 284 S.W.3d at 640; *State v. Maldonado-Echieverra*, 398 S.W.3d 61, 65 (Mo. App. W.D. 2013). However, access is a relative concept and should be compared when there are multiple occupants of a vehicle. *See Chavez*, 128 S.W.3d at 576; *State v. Millsap*, 244 S.W.3d, 786, 789 (Mo. App. S.D. 2008). Here, the evidence showed Defendant had access as the contraband was within arm's reach according to Officer Moritz, but Lewis had superior access to the contraband, especially the digital scale found in the floral makeup bag.

The State argues on appeal the jury had sufficient evidence to convict Defendant. The State claims Defendant's presence in the vehicle near the contraband, the nervousness during the search, **and** the drug ledgers show Defendant had knowledge and constructive possession of the contraband. The State asked the jury to infer Defendant knew Lewis was a drug dealer and Defendant had bought drugs from Lewis in the past. From this, the State asked the jury to infer Defendant aided and encouraged Lewis in the concealment of the drugs and drug paraphernalia. The State then asked the jury to infer Defendant knew about the methamphetamine, marijuana, and digital scale in the back seat of the vehicle.

There is no evidence in the record from which a rational juror could have inferred Defendant knew Lewis had drug ledgers in her purse. There is also no evidence to show Defendant participated in placing or concealing the controlled substances under the wash cloth in the back seat of the vehicle. Assuming, without deciding, the drug ledgers are admissible, the existence of the drug ledgers in Lewis' purse may create a reasonable inference Defendant knew Lewis was a drug dealer. A rational juror could also infer from the ledgers Defendant had previously purchased drugs from Lewis. The additional inferences the State is arguing from the

12

drug ledgers in Lewis' purse, however, are not reasonable.[6] Without some connection to the methamphetamine, the marijuana, or the digital scale, the evidence of nervousness, proximity, and the reasonable inferences from the drug ledgers do not amount to sufficient incriminating circumstances to show Defendant knew the contraband was in the vehicle.

Knowledge is an essential element to show possession of a controlled substance or drug paraphernalia. *See Buford*, 309 S.W.3d at 355; *see also Power*, 281 S.W.3d at 849. For the drug paraphernalia, Defendant was within arm's reach of the makeup bag containing the digital scale. The methamphetamine and marijuana were found under a wash cloth just behind the center console in the back seat of the vehicle within arm's reach of Defendant. Defendant exhibited escalating nervousness during the traffic stop and search of the vehicle. The drug ledgers allowed the jury to infer Defendant knew Lewis was a drug dealer and had previously purchased drugs from her. Defendant's name appeared on a page of the drug ledgers which referred to "two balls," an amount of methamphetamine. Familiarity with drugs is not one of the incriminating circumstances to be considered in showing constructive possession. *See Woods*, 284 S.W.3d at 640. The existence of the drugs ledgers does not allow the inference suggested by the State that Defendant was aiding, encouraging, or participating in any way with Lewis, the drugs, or the digital scale.

Defendant's proximity to the drugs and paraphernalia and his nervousness alone are insufficient evidence to convict. *See Buford*, at 360. The State argues the drug ledgers, in addition to Defendant's proximity and nervousness, are sufficient to convict. We find, based on

---

[6] The drug ledgers in this case were not found in the possession of the accused. We make no finding on whether actual possession of the drug ledgers would be a sufficient incriminating circumstance when combined with nervousness and access to a controlled substance referenced in the drug ledger. We also make no finding on whether drug ledgers which connect an accused to a transaction on the date of the search would be a sufficient incriminating circumstance. Here, the drug ledgers only allowed a rational juror to infer Defendant knew Lewis was a drug dealer and Defendant had transacted with her in the past.

the totality of the circumstances in the light most favorable to a finding of possession—the evidence of proximity, nervousness, and the reasonable inferences from the drug ledgers—a reasonable juror could not have found beyond a reasonable doubt Defendant knew the controlled substances and drug paraphernalia were in the vehicle.

The State claims Defendant was guilty of possession and unlawful use under an accomplice liability theory. The jury was instructed Defendant can be responsible for the conduct of other persons. Under Section 562.041:

> A person is criminally responsible for the conduct of another when…[e]ither before or during the commission of an offense **with the purpose of promoting the commission of an offense**, he aids…in planning, committing or attempting to commit the offense.

Section 562.041.1(2) (emphasis added). To be found guilty under an accomplice liability theory, a person must have "the culpable mental state to have acted with the purpose of promoting the particular underlying offense." *Booker v. State*, 552 S.W.3d 522, 530 (Mo. banc 2018) (internal citations omitted). Therefore, the State must show the defendant knew of the presence of the substances or other contraband to show a purpose of promoting a "possession" crime under Section 195.010(34).

The State claims the evidence presented at trial showed Defendant acted with Lewis to ensure the drugs were concealed. The State claimed Defendant and Lewis had time to conceal the contraband combined with Defendant's nervousness—evidenced by the frequent, suspicious glances toward Lewis—proved they worked together to conceal the methamphetamine, marijuana, and digital scale. No other evidence was presented to show Defendant acted to promote Lewis' possession of the contraband. Under an accomplice liability theory, the State needed to show Defendant knew the contraband was in the vehicle to show he promoted the particular underlying crime charged. *See generally* Section 562.021; *see also* Section

14

195.010(34); *Booker*, 522 S.W.3d at 530; *Buford*, 309 S.W.3d at 355. Based on the facts in this record and our analysis above, a reasonable juror could not believe beyond a reasonable doubt Defendant knew this contraband was in the vehicle. Therefore, the State has failed to present sufficient evidence for a reasonable juror to believe Defendant could be liable under an accomplice liability theory for either possession of the controlled substances or unlawful use of the drug paraphernalia.

Defendant's Point I is granted.

The judgment of conviction and sentence is reversed.

### *Points II & III*

Because we reverse Defendant's judgment and sentence based on the discussion above on Defendant's first point relied on, we do not address Defendant's arguments in the second and third points.

### Conclusion

The State failed to provide sufficient evidence to show incriminating circumstances to allow a rational trier of fact to find Defendant knew of the methamphetamine, marijuana, or drug paraphernalia, an essential element for a finding of constructive possession. Therefore, the judgment of the trial court is reversed, and Defendant is discharged from the conviction and sentence for possession of methamphetamine, possession of marijuana, and unlawful use of drug paraphernalia issued in case number 16BB-CR00485-01 in Warren County Circuit Court.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

15